UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CONDE PANAMA LLC,

                    *Plaintiff*,                                Case No.  19-cv-00622

     -against-

                                                **COMPLAINT**

AECOS, LTD., BRIAN S. HOWELLS, and
GRAHAM STEWART,

                    *Defendants*.
-------------------------------------------------------------X

      Plaintiff, Conde Panama LLC ("Plaintiff" or "Conde Panama"), by and through its undersigned attorneys, as and for its Complaint against defendants AECOS, Ltd. ("AECOS"), Brian S. Howells ("Howells") and Graham Stewart ("Stewart") (AECOS, Howells, and Stewart, collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

      1.     Conde Panama is a defrauded investor seeking to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"), among other claims.  Defendants fraudulently induced Conde Panama to enter into an investment contract to purchase a membership interest in AECOS by materially misrepresenting AECOS' ownership structure, concealing its liabilities, and downplaying its litigation risk exposure.  Moreover, Howells and Graham, who signed said investment contract on behalf of AECOS, deceived Conde Panama about their authority to bind AECOS to any agreement.  Conde Panama consequently suffered a total loss of its investment, caused in further part by Howells and Graham misappropriating monies from AECOS for personal benefit.  Accordingly, Conde Panama asserts causes of action against Defendants under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated by the Securities Exchange

Commission ("SEC"), predicated upon acts in connection with the purchase of a security, as well

state law claims for fraudulent inducement, fraud, breach of contract, breach of fiduciary duty,

conspiracy to commit fraud, unjust enrichment, and constructive trust and accounting.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b)(5) and 20(a)

of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated by the SEC (17

C.F.R. § 240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of

the Exchange Act (15 U.S.C. § 78aa(c)).  The investment contract at issue was executed by Conde

Panama and AECOS in this District, and a significant portion of Defendants' actions, and the

subsequent damages, took place in this District.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint,

Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mails and interstate telephone communications.

## PARTIES

6.     Plaintiff Conde Panama is a limited liability company formed under the laws of the

State of New York and maintains a principal place of business located at 5 Tudor City Place, New

York, New York 10017.

7.     Upon information and belief, Defendant AECOS is a limited liability company

formed under the laws of the State of Nevada and maintains a principal place of business located

at 325 Columbia Turnpike, Suite 111, Florham Park, New Jersey 07932.

8.      Upon information and belief, at all relevant times, Defendant Howells is a Managing Member of AECOS, serves as its President and Chief Executive Officer, and is a resident of the State of New Jersey.

9.      Upon information and belief, at all relevant times, Defendant Stewart is a Managing Member of AECOS, serves as its Vice President, and is a resident of the Commonwealth of Pennsylvania.

10.     Defendants Howells and Stewart are collectively referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

a.   directly participated in the management of AECOS;

b.   was directly involved in the day-to-day operations of AECOS at the highest levels;

c.   was privy to confidential proprietary information concerning AECOS and its business and operations;

d.   was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.   was directly or indirectly involved in the oversight or implementation of AECOS' internal controls;

f.   was aware of, or recklessly disregarded, the fact that the false and misleading statements were being issued concerning AECOS; and/or

g.   approved or ratified these statements in violation of the federal securities laws.

12.     AECOS is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of AECOS is similarly imputed to AECOS under *respondeat superior* and agency principles.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**A.  Background of the Parties**

14.     AECOS was founded on or about February 1, 2012.

15.     AECOS is a construction management firm engaged in the marketing of an engineering concept to eliminate inefficiencies in the construction of mid and high-rise buildings.

16.     Upon information and belief, at all relevant times, AECOS is the owner of two patents issued by the United States Patent and Trademarks Office on August 31, 2010: USPTO Patent Nos. 7,784,231 and 7,640,702 (respectively, the "231 Patent" and the "702 Patent" and, collectively, the "Patents").

17.     At all relevant times, AECOS utilized the Patents to solicit and provide the construction industry with proprietary innovations that enables rapid completion of buildings (the "Patented System").

18.     At all relevant times, AECOS operated pursuant to the terms of an Amended and Restated Operating Agreement dated November 2, 2014 (the "Amended Operating Agreement").

19.     As set forth in Section 5.01 of the Amended Operating Agreement, Charles Thornton ("Thornton"), Leonard Neuhaus ("Neuhaus"), and Howells were appointed as Managing Members of AECOS.

20.     As set forth in Section 5.07 of the Amended Operating Agreement, Howells was appointed to serve as the President and Chief Executive Officer of AECOS.

21.     As set forth in Section 5.08 of the Amended Operating Agreement, Neuhaus was appointed to serve as the Chief Operating Officer and Chief Financial Officer of AECOS.

22.     As set forth in Section 5.09 of the Amended Operating Agreement, Steven Houston ("Houston"), Anthony Kelly ("Kelly") and Stewart were appointed to serve as Vice Presidents of AECOS.

23.     As set forth in Section 5.09 of the Amended Operating Agreement, Thornton was appointed as Non-Executive Chairman of AECOS.

24.     As set forth in Schedule A of the Amended Operating Agreement, the percentage ownership interest of AECOS' member was, at relevant times, as follows:

      a.   Thornton – 41%

      b.   Howells – 41%

      c.   Neuhaus – 5%

      d.   Kelly – 5%

      e.   Houston – 3%

      f.   Sumeet Rawla – 3%

      g.   Stewart – 2%

25.     Conde Panama is construction management firm intending to specialize in international construction projects.

26.     From 2015-16, Conde Panama acted as a sales consultant for AECOS pursuant to an agreement dated September 19, 2015 (the "Consulting Agreement").

27.     Under the Consulting Agreement, in exchange for a commission payment, Conde Panama solicited clients on behalf of AECOS to undertake construction projects using the Patented System.

### B.  The June 2016 Discussions to Induce Conde Panama to Invest in AECOS

28.     In or about the summer of 2016, Howells informed Conde Panama that AECOS was looking for additional investors.

29.     Howells represented to Conde Panama that AECOS had potential legitimate investors from India and New Jersey who were looking to purchase a 30% stake in AECOS.

30.     Conde Panama was interested in the opportunity to invest in AECOS having knowledge of the efficacy and growth potential of the Patented System.

31.     In reliance on Howells' representations that there was competition to invest in AECOS, Conde Panama stated to Howells that it was willing to invest in AECOS in exchange for a 24% ownership stake in the company.

32.     Howells stated that Conde Panama would be given preference over the other potential investors because it was willing to accept a 24% membership interest instead of 30%.

33.     Furthermore, Howells urgently requested that any investment monies be deposited immediately before any agreement was executed because he claimed that AECOS had fallen behind on business expenses including office rent.

34.     In or about June 2016, AECOS and Conde Panama commenced discussions about how to structure the proposed investment deal.  These discussions were held between Howells and Stewart, on behalf of AECOS, and the principals of Conde Panama.

35.     During the June 2016 discussions, Howells represented to Conde Panama that Thornton, who is a 41% owner and the Non-Executive Chairman of AECOS, was no longer involved in the company and had sold his ownership stake.

36.     In an attempt to reinforce this representation concerning Thornton, Howells referred Conde Panama to an online article dated March 9, 2015 stating: "Brian Howells, the

President and Chief Executive Officer of AECOS, Ltd. announced today that Charles Thornton has been relieved of all of his duties with AECOS, Ltd., effective as of the close of business on March 6, 2015. In addition, Thornton has been relieved of his position as Non-Executive Chairman of AECOS, Ltd."[1]

37.     Howells' statement (as well as the online article, which, upon information and belief, was put forth by Howells) was a misrepresentation of AECOS' ownership structure as Thornton was and, upon information and belief, still is an owner and Managing Member of AECOS.

38.     Because Thornton had accused Howells of fraudulent behavior and mismanaging AECOS, Howells was motivated to minimize Thornton's role in the company to induce Conde Panama to invest in the company.

39.     During the June 2016 discussions, Howells represented to Conde Panama that he had the authority to transfer membership to Conde Panama as a Managing Member.

40.     Howells' statement was a misrepresentation of his authority to transfer membership to Conde Panama since Section 7.01(b)(i) of the Amended Operating Agreement requires consent of all Managing Members, including Thornton and Neuhaus, to transfer membership in AECOS, and, upon information and belief, Thornton and Neuhaus, in their capacities as Managing Members along with Howells, did not give consent to such transfer.

41.     Howells was motivated to minimize Thornton's and Neuhaus' authority to manage and oversee the company, and to overstate his own, to induce Conde Panama to invest in the company.

---

[1] *See* https://www.prnewswire.com/news-releases/charles-thornton-no-longer-associated-with-aecos-ltd-aecos-through-the-use-of-our-patented-technologies-continues-to-transform-the-construction-industry-300047567.html

42.     Further, Howells' statement was a misrepresentation of his authority to transfer membership since Section 7.02 provides a "right of first refusal" to AECOS' other members when a bona fide third-party purchaser, such as Conde Panama, offers to purchase a membership interest in the company.

43.     Upon information and belief, at no time was a right of first refusal offered to AECOS' other members.

44.     During the June 2016 discussions, Howells represented to Conde Panama that AECOS had no outstanding debts or liabilities, when, in fact, two years prior, AECOS borrowed Four Million Dollars ($4,000,000) from Thornton Termohlen Group, a Nevada corporation, pursuant to terms set forth in a Promissory Note dated March 10, 2014, and that approximately $3.3 million dollars of that loan remained outstanding and was accruing interest.

45.     At all relevant times, upon information and belief, Thornton was the chairman of the Thornton Termohlen Group.

46.     Howells' intended to conceal AECOS' actual financial condition, including its sizeable liabilities, from Conde Panama, to induce Conde Panama to invest in AECOS.

47.     Further, Howells failed to disclose that he personally borrowed approximately $500,000 from AECOS to cover his tax liabilities, as demonstrated by an April 15, 2015 promissory note.

48.     During the June 2016 discussions, Howells assured Conde Panama that he would provide an accounting of AECOS.

49.     Howells, however, concealed certain accounts receivable and pro forma financials from Conde Panama.

50.     Furthermore, Howells failed to provide copies of AECOS' formation documents and other legal documents that Conde Panama had requested.

51.     In or about July 2016, Howells represented to Conde Panama that Thornton had commenced a lawsuit against AECOS in the Superior Court of New Jersey, and also that a minority shareholder in Thornton Termohlen Group, Donald Blackwelder, had commenced a derivative lawsuit against Thornton, Howells, and AECOS in Nevada, but downplayed AECOS' risk exposure to losing these litigations and expressed his opinion that these lawsuits would be settled in a matter of weeks or months.

52.     Furthermore, Howells omitted disclosing to Conde Panama that the Superior Court of New Jersey had ordered that an accounting of AECOS be conducted.

53.     Howells' statement concerning the New Jersey and Nevada litigations were misrepresentations of AECOS' risk exposure as such lawsuits are still ongoing approximately two (2) years after such statement was made, and AECOS faces a potential judgment liability that would wipe out its remaining assets and render it insolvent.

54.     Howells' misrepresentation concerning the New Jersey and Nevada litigations was made to induce Conde Panama to invest in AECOS.

**C. The Investment Agreement Between AECOS and Conde Panama**

55.     Based on the misrepresentations and omissions by Howells, on December 29, 2016, AECOS and Conde Panama entered into an investment agreement with an effective date of June 13, 2016 (the "Investment Agreement").

56.     The Investment Agreement was executed only after Conde Panama pressured the Individual Defendants to finalize the deal on behalf of AECOS.

57.     As set forth in Paragraph 3 of the Investment Agreement, AECOS "committed to allocate" to Conde Panama "a 24 percent shareholding in AECOS for the sum of $510,000."

58.     As set forth in Paragraph 4 of the Investment Agreement, AECOS agreed to "recognize[]" Conde Panama as a 24 percent owner that "participates in all profits of AECOS related to activities and [c]ontracts" effectuated subsequent to the Investment Agreement.

59.     As set forth in Paragraph 5 of the Investment Agreement, AECOS expressly represented that it had informed Conde Panama of certain "disputes and litigation involving Charles Thornton and affiliates" and "Donald Blackwelder."

60.     As set forth in Paragraph 6 of the Investment Agreement, AECOS expressly represented that it had informed Conde Panama that:

> "[A]part from the litigation involving [Charles Thornton] and [Donald] Blackwelder, the Professional Liability claim brought by the Contractor, Shapoorji Pallonji, which is covered by the AECOS and its Sub-Consultants PL insurance, and some minor outstanding legal and operating expense billings, AECOS has no debts, financial liabilities, lawsuits or judgments and hereby indemnifies [Conde Panama] from any that may be forthcoming, that can be attributed to any matters prior to the date of this agreement."

61.     As set forth in Paragraph 8 of the Investment Agreement, AECOS recognized that Conde Panama "invested $510,000 in AECOS for which it received 24% ownership of total Equity of the company from the date of this agreement and should not be liable for any prior matters."

62.     As set forth in Paragraph 10 of the Investment Agreement, as of the effective date of the Agreement, AECOS recognized Conde Panama "as an Acting Managing Member of AECOS."

63.     The Individual Defendants signed the Investment Agreement on behalf of AECOS.

64.     Defendants knew that they did not have the authority to name Conde Panama as a Managing Member or to transfer membership to Conde Panama without the proper consent of all Managing Members as set forth in the Amended Operating Agreement.

65.     Therefore, the representations set forth in Paragraphs 3, 4, 8 and 10 of the Investment Agreement regarding the recognition of Conde Panama as a Managing Member were false.

66.     Defendants intentionally downplayed the litigation risks AECOS was exposed to in Paragraphs 5 and 6 of the Investment Agreement. The representations set forth therein were false.

67.     Defendants knew of AECOS' liabilities, including the outstanding $3.3 million dollar loan, but failed to disclose such to Conde Panama prior to Conde Panama investing in AECOS.

68.     Defendants' knew that their representation in Paragraph 6 of the Investment Agreement that AECOS "has no debts, financial liabilities, lawsuits or judgments" was false.

69.     Defendants further knew that Howells borrowed company funds to pay his personal tax liabilities but failed to disclose such to Conde Panama prior to Conde Panama investing in AECOS.

70.     Defendants knew that AECOS was heavily indebted to the point that it was nearly insolvent.

71.     Defendants hid AECOS' financial condition to induce Conde Panama to invest in AECOS.  For instance, the Individual Defendants failed to provide Conde Panama with an accounting of AECOS, and continually made excuses as to why the accounting could not be provided.

72.     Further, the Individual Defendants failed to provide Conde Panama with a projected budget to know how its investment funds were to be allocated.

73.     Pursuant to the Investment Agreement, Conde Panama transferred a sum total of Five-Hundred Thousand Dollars ($510,000) to AECOS in exchange for a Twenty-Four Percent (24%) interest in the company.

74.     Conde Panama invested $510,000 in AECOS, a common enterprise, with an expectation of profits.

75.     After the execution of the Investment Agreement, no further document, including a Second Amended Operating Agreement, was drafted demonstrating that Conde Panama held a membership interest in AECOS.

76.     Conde Panama never entered into an additional or supplemental agreement with AECOS that legally and authoritatively detailed its capital contribution, ownership stake, and the management structure of AECOS.

77.     Although the Investment Agreement purported to give Conde Panama a significant and active role in the management of AECOS, Conde Panama never effectively:

    a.  exercised control over its investment;

    b.  exercised control over the business;

    c.  participated in the operation of the business;

    d.  played any role in the management of the company; and

    e.  was recognized as a Managing Member by the other owners/members of AECOS.

78.     In looking at the Investment Agreement as well as the economy reality of Conde Panama's investment, no specific powers were afforded to Conde Panama, who could not, and did not, direct the affairs of AECOS and was not intimately involved in the operation of AECOS or its technical development.

79.     Although the Investment Agreement purported to give Conde Panama a significant and active role in the management of AECOS, Conde Panama was not an active and knowledgeable managing member at AECOS, but rather was a mere passive investor in the company.

80.     Still, Conde Panama continued to act in furtherance of its role set forth under the terms of the Consulting Agreement.  Conde Panama devoted a significant portion of its time seeking potential clients for the benefit of AECOS, attending meetings with potential clients, and conducting research concerning the enhancement of the Patented System.

81.     Because of Conde Panama's efforts toward procuring clients for AECOS, on or about June 14, 2017, AECOS and Conde Panama executed an addendum to the Investment Agreement whereby AECOS agreed to increase Conde Panama's ownership percentage in AECOS from Twenty-Four Percent (24%) to Thirty-Three Percent (33%).  This June 14, 2017 addendum was signed by Howells on behalf of AECOS.

82.     For the same reasons that rendered the Investment Agreement a fraudulent document, including Howells' and Stewart's lack of authority to bind AECOS to transfer membership to Conde Panama, the June 14, 2017 addendum was merely a continuation of the fraud perpetrated upon Conde Panama by Defendants.

83.     The Individual Defendants committed fraud in connection with the Investment Agreement, and the addendum, in multiple respects by failing to disclose their authority to bind AECOS, downplayed the company's exposure in litigation, and concealed the significant liabilities held by AECOS.

84.     Upon information and belief, of the $510,000 Conde Panama invested in AECOS, approximately 50-60% went to the company.  The remaining 40-50% was misappropriated directly by the Individual Defendants for personal expenses.

85.     For instance, AECOS records show that the Individual Defendants used company funds to benefit themselves in the form of paying for luxury vehicles, cellphones, attorneys fees, health insurance for non-immediate family members, vacations, and entertainment, among other things, all for personal use.

86.     Upon information and belief, the Individual Defendants fabricated lists of "potential projects" that never existed.  Such lists were used to create the illusion of potential income.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
**(Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants)**

87.     Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 86 herein as though fully set forth herein.

88.     Defendants, individually and in concert, directly or indirectly, disseminated or approved of the false statements specified above, which they knew were misleading in that they contained misrepresentations and failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

89.     Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC in that they employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not

misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff in connection with its purchase of a membership interest in AECOS.

90.     Defendants acted with scienter in that they knew that the Investment Agreement was materially false and misleading; knew that the statements contained therein would be relied upon by Plaintiff; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements as primary violations of the securities laws.  These Defendants, by virtue of their receipt of information reflecting the true facts of AECOS, their control over, and/or receipt and/or modification of AECOS allegedly materially misleading statements, and/or their associations with AECOS which made them privy to confidential proprietary information concerning AECOS, participated in the fraudulent scheme alleged herein.

91.     The Individual Defendants had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them to Plaintiff.

92.     In ignorance of the falsity of Defendants' statements, Plaintiff relied on the statements described above.

93.     Had Plaintiff been aware of Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased a security in AECOS.

94.     By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to Plaintiff for substantial damages which they suffered in connection with their purchase of a security in AECOS.

95.     As a result of the wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be established at trial.

96.     Defendants' conduct as alleged herein was malicious and willful.  As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish Defendants and to make an example of Defendants to deter Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Violations of Section 20(a) Against Individual Defendants)**

97.     Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 96 herein as though fully set forth herein.

98.     The Individual Defendants participated in the operation and management of AECOS, and conducted and participated, directly and indirectly, in the conduct of AECOS' business affairs.  Because of their senior positions, they knew the adverse non-public information about AECOS' misstatement of revenue and profit and false financial statements.

99.     Because of their positions of control and authority, the Individual Defendants exercised their power and authority to cause AECOS to engage in the wrongful acts complained of herein.  The Individual Defendants therefore, were "controlling persons" of AECOS within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged herein.

100.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by AECOS.

101.    The Individual Defendants' conduct as alleged herein was malicious and willful. As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish the Individual Defendants and to make an example of the Individual Defendants to deter the Individual

Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Fraudulent Inducement Against All Defendants)

102.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 101 herein as though fully set forth herein.

103.    During the June 2016 discussions, as alleged above, Defendants made numerous misrepresentations to Conde Panama concerning AECOS' ownership structure, liabilities, and litigation risk exposure, as well as the Individual Defendants' authority to bind AECOS to an investment agreement transferring membership to Conde Panama.

104.    Defendants' misrepresentations and omissions were materially misleading and deliberately made with the intent that Conde Panama rely on them by executing the Investment Agreement.

105.    Conde Panama reasonably relied on Defendants' representations by executing the Investment Agreement, binding them to transfer Five-Hundred and Ten Thousand Dollars ($510,000) in exchange for a membership interest in AECOS.

106.    As a result of the wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be established at trial.

107.    Defendants' conduct as alleged herein was malicious and willful.  As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish Defendants and to make an example of Defendants to deter Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Fraud Against the Individual Defendants)**

108.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 107 herein as though fully set forth herein.

109.    As members of AECOS, the Individual Defendants owed fiduciary duties to Conde Panama, including a duty of loyalty.

110.    This fiduciary duty required the Individual Defendants to disclose to Conde Panama facts that were material to their shared business.

111.    Yet, the Individual Defendants failed to disclose that they fraudulently induced Conde Panama to execute the Investment Agreement and had fraudulently induced Conde Panama to perform under such agreement.

112.    The Individual Defendants failed to disclose these facts deliberately, with the intent of preventing Conde Panama from discovering such wrongful conduct.

113.    Because the Individual Defendants' misrepresentations and omissions were material to Conde Panama's ability to enforce its legal rights against the Individual Defendants, the Individual Defendants had a duty to disclose them, which they breached when they failed to do so.

114.    Conde Panama relied on the Individual Defendants' misrepresentations and omissions by failing to object to the Individual Defendants' corporate waste and mismanagement of the company, wrongful acts that led to a loss of Conde Panama's substantial investment.

115.    As a result of the wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be established at trial.

116.    The Individual Defendants' conduct as alleged herein was malicious and willful. As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish the

Individual Defendants and to make an example of the Individual Defendants to deter the Individual Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract Against AECOS)

117.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 116 herein as though fully set forth herein.

118.    The Investment Agreement is a valid and binding contract.

119.    Pursuant to the Investment Agreement, AECOS is required to provide a Twenty-Four Percent (24%) membership interest of the company to Conde Panama, in exchange for Conde Panama providing a Five-Hundred and Ten Thousand Dollar ($510,000) investment.

120.    In addition, a June 14, 2017 addendum to the Investment Agreement increases Conde Panama's ownership percentage to Thirty-Three Percent (33%).

121.    Conde Panama has performed fully under the terms of the Investment Agreement.

122.    AECOS, however, has failed to legally and authoritatively provide Conde Panama with documentation demonstrating Conde Panama's Thirty-Three Percent (33%) membership interest in the company.

123.    Therefore, AECOS has breached the Investment Agreement by failing to provide Conde Panama its membership interest.

124.    As a result of the breach of contract alleged herein, Plaintiff has suffered damages in an amount to be established at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Breach of Fiduciary Duty Against Individual Defendants)**

125.   Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 124 herein as though fully set forth herein.

126.   Under the terms of the Consulting Agreement, Conde Panama collaborated and shared information with the Individual Defendants to procure clients on behalf of AECOS.

127.   This relationship is synonymous with a fiduciary relationship in that Conde Panama did not deal on equal terms with the Individual Defendants and Conde Panama trusted and relied on the information provided by the Individual Defendants.

128.   Conde Panama invested monies into AECOS in reliance on the information provided to it by the Individual Defendants.

129.   The Individual Defendants owed a fiduciary duty to Conde Panama to provide it with accurate information and to not act wrongfully with respect to managing and utilizing Conde Panama's investment.

130.   The Individual Defendants breached their fiduciary duty to Conde Panama by wrongfully misappropriating Conde Panama's investment monies for personal benefit.

131.   As a result of the Individual Defendants breach of fiduciary duty, Conde Panama has been damaged in an amount of be proven at trial.

132.   Defendants' conduct as alleged herein was malicious and willful.  As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish Defendants and to make an example of Defendants to deter Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Civil Conspiracy to Commit Fraud Against All Defendants)

133.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 132 herein as though fully set forth herein.

134.    Upon information and belief, Conde Panama alleges that each of the Defendants have colluded as alleged herein to deprive Conde Panama of $510,000, the totality of its investment in AECOS.

135.    Upon information and belief, Conde Panama alleges that each of the Defendants have encouraged, participated, and otherwise facilitated Conde Panama's investment under fraudulent circumstances, and have acted to conceal such activity from Conde Panama and AECOS' disinterested members.

136.    As a result of the Defendants' conspiracy, Conde Panama has been damaged in an amount of be proven at trial.

137.    Defendants' conduct as alleged herein was malicious and willful.  As such, Conde Panama is also entitled to punitive damages in an amount sufficient to punish Defendants and to make an example of Defendants to deter Defendants and others in similar circumstances from engaging in the wrongful conduct alleged herein.

## AS AND FOR AN EIGHT CAUSE OF ACTION
### (Unjust Enrichment Against All Defendants)

138.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 137 herein as though fully set forth herein.

139.    Upon information and belief, as alleged herein, the Individual Defendants wrongfully acted to fraudulently transfer a membership to Conde Panama without the knowledge, authorization or consent of AECOS' members.

140.    AECOS has nevertheless accepted and retained the benefit of Conde Panama's $510,000 investment, which it cannot retain in equity and good conscience.

141.    Moreover, the Individual Defendants have misappropriated Conde Panama's investment monies for personal benefit.

142.    Under the circumstances, it would be inequitable for Defendants to retain the benefit of Conde Panama's investment monies.

143.    As a result of the conduct described herein, Conde Panama has been damaged in an amount of be proven at trial.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Constructive Trust and Accounting Against Defendants)**

144.    Plaintiff repeats and realleges every allegation contained in Paragraphs 1 to 143 herein as though fully set forth herein.

145.    By engaging in the wrongful conduct alleged herein, Defendants have been unjustly enriched at the expense, and to the detriment, of Conde Panama, and have improperly obtained alleged rights, claims or interest in Conde Panama's property, including the impermissible receipt of Conde Panama's $510,000 investment.

146.    Defendants must account to Conde Panama and hold as trustee any profit or benefit derived by that person from any transaction connected with the conduct of AECOS' business.

147.    Defendants should be required to disgorge the benefits which they have wrongfully received at the expense, and to the detriment, of Conde Panama, and a constructive trust should be imposed thereon so that Defendants have no legal or equitable right, claim or interest therein.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(i)      On its First Cause of Action against Defendants for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(ii)      On its Second Cause of Action against the Individual Defendants for violation of Section 20(a) of the Exchange Act, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(iii)      On its Third Cause of Action against Defendants for fraudulent inducement, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(iv)      On its Fourth Cause of Action against the Individual Defendants for fraud, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(v)      On its Fifth Cause of Action against Defendant AECOS for breach of contract, award Plaintiff monetary damages in an amount to be determined at trial;

(vi)      On its Sixth Cause of Action against the Individual Defendants for breach of fiduciary duty, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(vii)      On its Seventh Cause of Action against Defendants for conspiracy to commit fraud, award Plaintiff monetary damages in an amount to be determined at trial, together with punitive damages;

(viii)   On its Eight Cause of Action against Defendants for unjust enrichment, award Plaintiff monetary damages in an amount to be determined at trial;

(ix)   On its Ninth Cause of Action for constructive trust and accounting, order Defendants to account for, and disgorge, all profits derived from their business activities since the date of the Investment Agreement, and impose a constructive trust on such monies;

(v)   Award Plaintiff its reasonable attorneys' fees, costs and interest; and

(vi)   Award Plaintiff such other and further relief as this Court may deem just and proper.

## **<u>JURY TRIAL DEMANDED</u>**

**WHEREFORE**, Plaintiff demands a trial by jury on all the above issues.

Dated: New York, NY
       January 22, 2019

               Respectfully submitted,

               MCLOUGHLIN, O'HARA, WAGNER & KENDALL, LLP

By:    *Glen Kendall*

               Daniel M. O'Hara, Esq.
               Glen A. Kendall, Esq.
               250 Park Avenue, 7th Floor
               New York, NY 10177
               T: (212) 867-8285
               F: (917) 382-3934
               E: dohara@mowklaw.com
                  gkendall@mowklaw.com

               *Attorneys for Plaintiff*