UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONDE PANAMA LLC,
                     Plaintiff,

        -v-

AECOS, LTD. *et al.*,
                     Defendants.

19-CV-622 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This case arises out of a deal gone wrong between two construction management firms, AECOS, Ltd. ("AECOS") and Conde Panama LLC ("Conde"). Conde alleges that the individuals named in the complaint fraudulently induced Conde to invest in AECOS and that AECOS thereafter breached their investment agreement. AECOS moves for summary judgment on each claim against it. For the reasons that follow, the motion is granted.[1]

**I.    Background**

Conde and AECOS are both construction management firms. (Dkt. No. 53 ("SOF") ¶ 4.) According to the allegations in the complaint, during the summer of 2016, Defendant Brian Howells and Graham Stewart,[2] both shareholders in AECOS, made a series of misrepresentations in the course of convincing Conde to invest in AECOS. (SOF ¶ 33; *see also* Dkt. No. 11 ("Compl.") ¶¶ 28–54, 57.)

---

[1] AECOS filed the present motion for summary judgment while its prior motion to dismiss remained pending. (*See* Dkt. No. 31.) Because the disposition of this motion disposes of the claims against AECOS, the motion to dismiss is denied as moot.

[2] Stewart was named as a defendant in the complaint but was voluntarily dismissed from the action on April 9, 2019. (Dkt. No. 17.)

The alleged misrepresentations were all made by Howells and fall into three categories: (a) Howells's misrepresentation that he and Stewart had the authority to transfer AECOS's shares or bind AECOS when they did not (Compl. ¶¶ 40–42, 64–65); (b) Howells's concealing AECOS's financial condition, including that Howells had borrowed $500,000 from AECOS (Compl. ¶¶ 46–47, 49, 67–71); and (c) Howells's misrepresentation of AECOS's litigation risk, specifically, the exposure arising out of ongoing lawsuits in New Jersey and Nevada (Compl. ¶¶ 51–53, 66).

Based on those discussions, a deal was memorialized by an agreement signed by Howells, Stewart, and representatives of Conde on December 29, 2016 (the "Agreement"). (SOF ¶¶ 9, 11.)  Pursuant to the Agreement, Conde would invest $510,000 in AECOS in exchange for a 24% membership interest in the firm. (SOF ¶¶ 8–9, 19.)  The effective date of the Agreement was June 13, 2016. (SOF ¶ 9.)

On or about June 14, 2017, Howells, Stewart, and representatives of Conde entered an addendum to the Agreement (the "Addendum"). (SOF ¶ 18.)  The Addendum provides, in relevant part:

> It is understood and agreed that the 24% shareholding enumerated in the Agreement constitutes a private sale from Brian Howells'[s] personal shareholding and not an issuance from AECOS.  It is further understood and agreed that no shares shall be formalized and transferred until the present litigation facing AECOS has been resolved.

(Dkt. No. 33 Ex. D ("Addendum") ¶ 2.)

Pursuant to the Agreement, Conde transferred a series of payments ultimately amounting to at least $460,000 to AECOS. (SOF ¶¶ 16, 27.)  But the "bulk" of the funds invested by Conde were misappropriated by Howells personally, and no shares were ever transferred. (SOF ¶¶ 28–31.)

2

Conde filed this lawsuit on January 23, 2019.  (*See* Compl.)  Against AECOS, Conde alleges: (1) violations of section 10(b) of the Securities Exchange Act and Rule 10b-5, (2) common law fraudulent inducement, (3) breach of contract, (4) civil conspiracy to commit common law fraud, and (5) unjust enrichment.  (Compl. at 14–21.)  In addition to damages, Conde seeks a constructive trust and an accounting.  (Compl. at 22.)

## II.     Legal Standard

Summary judgment under Rule 56 is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party.  *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

"On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense."  *Cohen Lans LLP v. Naseman*, No. 14 Civ. 4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).  "If the party with the burden of proof makes the requisite initial showing, the burden shifts to the opposing party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence."  *Clopay Plastic Prods. Co. v. Excelsior Packaging Grp., Inc.*, No. 12 Civ. 5262, 2014 WL 4652548, at *3 (S.D.N.Y. Sept. 18, 2014).  The court views all "evidence in the light most favorable to the non-moving party," and summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party."  *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks omitted) (second quoting *Lunds, Inc. v. Chem. Bank*, 870 F.2d 840, 844 (2d Cir. 1989)).

**III.     Discussion**

AECOS argues that it cannot be held liable for the tortious acts of its employee, Howells; that it has not breached the Agreement and Addendum as a matter of law; and that AECOS's remaining claims fail because they are duplicative of Conde's contract and fraud claims. The Court takes each argument in turn.

**A.     AECOS's State Law Vicarious Liability**

AECOS argues that it cannot be held vicariously liable for Howells's misrepresentations because Howells was acting outside the scope of his employment when he made those misrepresentations. Because the common law fraudulent inducement and conspiracy to commit fraud claims against AECOS are premised on AECOS's vicarious liability, they each must be dismissed if AECOS's argument is availing.[3]

---

[3] Resolution of this issue requires a threshold inquiry into what law governs Conde's claims. This Court sits in New York and therefore applies New York's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Typically, New York courts apply New York's substantive law to cases filed in New York. *See Wall v. CSX Transp., Inc.*, 471 F.3d 410, 422–23 (2006). But where a party has identified a conflict between New York's tort law and the tort laws of another relevant jurisdiction, a New York court will apply "[t]he law of the jurisdiction having the greate[r] interest in the litigation." *GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 383 (2d Cir. 2006) (first alteration in original) (quoting *Schultz v. Boy Scouts of Am., Inc.*, 480 N.E.2d 679, 684 (N.Y. 1985)). The "first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *GlobalNet*, 449 F.3d at 382 (quoting *In re Allstate Ins. Co.*, 613 N.E.2d 936, 937 (N.Y. 1993)). "If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012) (per curiam).

AECOS posits that New Jersey law may apply but nonetheless contends that the relevant law of respondeat superior in New York and New Jersey do not conflict. (See Dkt. No. 32 at 5 n.5.) The Court also perceives no conflict, *compare Gilborges v. Wallace*, 396 A.2d 338, 342 (N.J. 1978), *with Hwang v. Grace Rd. Church (in N.Y.)*, No. 14 Civ. 7187, 2016 WL 1060247, at *14 (E.D.N.Y. Mar. 14, 2016) (applying New York law), and therefore applies New York law consistent with New York's choice-of-law paradigm.

"An employer may be vicariously liable for its employees' tortious acts on a theory of respondeat superior only if they were committed in furtherance of the employer's business and within the scope of employment." *Bowman v. State*, 781 N.Y.S.2d 103, 105 (App. Div. 1st Dep't 2004) (citing *Riviello v. Waldron*, 391 N.E.2d 1278, 1281 (N.Y. 1979)).  The nub of AECOS's objection to vicarious liability here is that Howells was acting to serve his own rather than AECOS's purposes when he made the alleged misrepresentations, and he was therefore acting outside his scope of employment.  Though an "employer may still be held liable for [an] act" even though his "agent might have a mixed personal and professional motive in performing [the] act," *Hwang*, 2016 WL 1060247, at *14, respondeat superior liability will not attach to an act "taken in a *purely* personal" capacity." *Bowman*, 781 N.Y.S.2d at 105; *see also* Restatement (Second) of Agency § 236 (1958) ("Conduct may be within the scope of employment, although done *in part* to serve the purposes of the servant or of a third person." (emphasis added)).

Conde, for its part, admits that the record is silent on any benefit AECOS received from Howells's misrepresentations, but nonetheless maintains that the benefit accruing to AECOS remains a triable issue of fact.  (*See* Dkt. No. 55 at 2 ("Although Conde agrees that Howells and Stewart have likely misappropriated a portion of Conde's investment from AECOS for their personal benefit, AECOS has not produced conclusive evidence that AECOS did not also benefit from such monies to fund its business operations."); *see also* Dkt. No. 55-1 ("CSOF") ¶ 28 ("The record is silent on how Conde's money was spent by AECOS.").)  But the party bearing the burden of proof at trial on that score is Conde, not AECOS, and its failure to produce evidence in support of its respondeat superior theory therefore warrants summary judgment.  *See Celotex Corp.*, 477 U.S. at 322–23.

### B.  AECOS's Liability Under the Exchange Act

The same putative defect, AECOS argues, also dooms Conde's claim that AECOS violated section 10(b) of the Exchange Act and Rule 10b-5.  Under the Exchange Act, an officer's scienter may not be attributed to a corporation — and the corporation may therefore not be held liable under Rule 10b-5 — where an "officer acts *entirely* in his own interests and adversely to the interests of the corporation."  *Kirschner v. Grant Thornton LLP*, No. 07-CV-11604, 2009 WL 1286326, at *5 (S.D.N.Y. Apr. 14, 2009) (emphasis added), *aff'd sub nom. Kirshner v. KPMG LLP*, 626 F.3d 673 (2d Cir. 2010).  Again, however, Conde has failed entirely to produce evidence of *any* benefit accruing to AECOS, and there exists no triable issue of fact on the federal fraud claim.

### C.  Breach of Contract

AECOS's challenge to Conde's breach-of-contract claim is also meritorious.  AECOS, Conde alleges, breached the Agreement when it failed to furnish a 24% "membership interest of the company to Conde Panama." (Compl. ¶ 119.)  But the terms of the Addendum[4] to the Agreement unambiguously state that the obligation to transfer shares in AECOS is not triggered until "the present litigation facing AECOS has been resolved."  (Addendum ¶ 2.)  According to both parties, the "present litigation" to which the Addendum refers is the lawsuit filed by Charles Thornton and Thornton-Thermohlen Group Corporation against AECOS, Howells, and Leonard Neuhaus in the Superior Court of New Jersey, Morris County, Chancery Division, captioned *Charles H. Thornton, Ph.D., P.E., et al. v. AECOS Ltd., et al.*, Docket No. MRS-C-38-15, and

---

[4] Conde does not dispute that the Addendum is a binding modification of the original agreement.

those proceedings are ongoing. The ostensible obligation to transfer the membership interest therefore appears untriggered as of yet. Accordingly, no breach has yet occurred.[5]

In response, Conde suggests that the limiting language in the contract is irrelevant because "[t]he Company has already breached the agreement by taking money and continuing to do so while breaching the duties of good faith and fair dealing and fiduciary obligations owed by and between partners and those who give and take investment dollars." (Dkt. No. 55 at 8.) But the complaint alleged no breach of any fiduciary duty or implied covenant of good faith and fair dealing by *AECOS* — as opposed to the individual defendants. And any such claims, even if they were alleged, would be orthogonal to the question whether the contract's terms had been breached. Summary judgment to AECOS is again warranted.

### D. Unjust Enrichment

The complaint also alleges that AECOS was unjustly enriched by its acceptance and retention of Conde's $510,000 investment. (Compl. ¶¶ 138–143.) But relief on a theory of unjust enrichment "is unavailable where an express contract covers the subject matter." *Karmilowicz v. Hartford Fin. Servs. Grp., Inc.*, 494 F. App'x 153, 157 (2d Cir. 2012) (alteration omitted) (quoting *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 48 (2d Cir. 1988)).[6] This rule applies in the presence of a binding, enforceable contract covering the subject matter of a quasi-contract claim, even when a Plaintiff seeks to hold a *non-signatory* liable. *See Feigen v. Advance Capital Mgmt. Corp.*, 541 N.Y.S.2d 797, 799 (App. Div. 1st Dep't 1989) (citing *Julien*

---

[5] The Court perceives no difference between the law of New Jersey and the law of New York as it pertains to this issue, and thus applies the law of New York. *See supra* n.3; *Liberty Motor Freight Lines v. U.S. Guarantee Co.*, 133 N.J.L. 35, 36 (1945).

[6] Once again, the Court perceives no difference between the law of New Jersey and the law of New York and thus applies the law of New York. *See supra* n.3; *Winslow v. Corp. Express, Inc.*, 834 N.J. Super. 128, 143 (App. Div. 2003).

*J. Studley, Inc. v. N.Y. News, Inc.*, 512 N.E.2d 300, 301 (N.Y. 1987)). The unjust enrichment claim therefore must fail.

### E. Constructive Trust and Accounting

Finally, Conde seeks a constructive trust and an accounting. But it is not entitled to either equitable remedy in the absence of unjust enrichment. *See In re First Cent. Fin. Corp.*, 377 F.3d 209, 214 n.4 (2d Cir. 2004). Because the Court has granted summary judgment to AECOS on the claim for unjust enrichment, the claims for a constructive trust and accounting must likewise be dismissed.

### IV. Conclusion

For the foregoing reasons, AECOS's motion for summary judgment is GRANTED. Its motion to dismiss is DENIED as moot.

Counsel for Plaintiff shall serve a copy of this Opinion and Order on *pro se* Defendant Brian Howells by email or mail on or before June 7, 2020, and shall file a letter with the Court attesting to such service on or before June 14, 2020.

The Clerk of Court is directed to close the motions at Docket Numbers 31 and 46.

SO ORDERED.

Dated: June 1, 2020
   New York, New York

_____
   J. PAUL OETKEN
   United States District Judge