UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CONDE PANAMA LLC,

                     Plaintiff,

              -v-

AECOS, LTD. and BRIAN S. HOWELLS,

                     Defendants.

19-CV-622 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      On January 22, 2019, Plaintiff Conde Panama LLC, an investor in Defendant Aecos, Ltd., brought this securities fraud case against Aecos and Defendants Brian Howells and Graham Stewart, Aecos's managing members. Stewart has since settled the claims against him, and Aecos has secured summary judgment on the claims against it. (Dkt. No. 17; Dkt. No. 60.) The only remaining claims in this case are those brought against Howells, who is proceeding *pro se*. On September 30, 2020, Plaintiff moved for partial summary judgment on two of the remaining claims, specifically its claims that Howells fraudulently induced Plaintiff's investment in Aecos and subsequently breached the fiduciary duties he owed to Plaintiff. For the reasons that follow, Plaintiff's motion is denied. Familiarity with the facts and with this Court's prior opinion is presumed. *See Conde Panama LLC v. AECOS, Ltd.*, No. 19-cv-622, 2020 WL 2834858 (S.D.N.Y. June 1, 2020).

**I.    Discussion**

      With respect to its fraudulent inducement claim, Plaintiff argues that Howells misrepresented Aecos's liabilities when he negotiated the terms of and signed the December 29, 2016 Investment Agreement between Plaintiff and Aecos. (Dkt. No. 70-5 at 4.) In particular, Plaintiff problematizes a provision in the Investment Agreement that guarantees that "AECOS

1

has no debts, financial liabilities, lawsuits or judgments . . . that can be attributed to any matters prior to the date of this agreement." (Dkt. No. 70-5 at 2.) Plaintiff argues that, contrary to this provision, Aecos had two promissory notes — one for $1.66 million and another for $500,000 — that preceded the Investment Agreement and that Howells failed to disclose. (Dkt. No. 67 at 2.)

Plaintiff's theory of fraud is untenable and, in any event, not amenable to resolution on a motion for summary judgment. First, "[a] cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract." *Tiffany at Westbury Condo. By Its Bd. Of Managers v. Marelli Dev. Corp.*, 40 A.D.3d 1073, 1076 (2d Dep't 2007).[1] Here, the only misrepresentation that Plaintiff identifies is a term in its contract with Aecos. Plaintiff's fraud claim boils down to no more than a putative breach-of-contract claim against Aecos and cannot be sustained as a separate action against Howells. Second, even if Plaintiff's claim did not fail on the law, the present motion would fail on the facts. To obtain summary judgment, Plaintiff must show that "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56, and that "no reasonable trier of fact could find in favor of [Howells]," *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks and citation omitted). Plaintiff cannot do so. Plaintiff's theory of fraud is contingent on Howells's having "with[held] financial information" during the negotiation and signing of the Investment Agreement. (Dkt. No. 67 at 2.) Howells, however, affirms that he provided the relevant financial information to Plaintiff in "early December 2016," before the conclusion of the Investment Agreement. (Dkt. No. 78 at 6.) He attaches to his

---

[1] The Court perceives no difference between the law of New Jersey and the law of New York as it pertains to this issue, *see Conde Panama LC*, 2020 WL 2834858, at *2 n.3, and thus applies the law of New York, *see Leibholz v. Hariri*, No. 05-5148, 2006 WL 8457502, at *7 (D.N.J. July 13, 2006) ("[A]s a general rule a breach of contract may not be converted into a fraud claim for the simple fact of breach"); *First Valley Leasing, Inc. v. Goushy*, 795 F. Supp. 693, 700 (D.N.J. 1992) (recognizing that dismissal of a fraud claim is appropriate when the dispute is "essentially contractual in nature").

submissions a "trial balance" that he contends he showed to Plaintiff and that lists the $1.66 million and $500,000 promissory notes.  (Dkt. No. 78 at 12.)  The Court concludes that there is a genuine dispute as to whether Plaintiff was apprised of the promissory notes and thus whether it was justified in relying on the Investment Agreement's guarantee.  Without definitively establishing that its "reliance was justifiable, both in the sense that [Plaintiff] was justified in believing the representation and that [it] was justified in acting upon it," Plaintiff cannot prevail on its fraud claim at this stage of the litigation.  *Compania Sud-Americana de Vapores, S.A. v. IBJ Schroder Bank & Trust Co.*, 785 F. Supp. 411, 419 (S.D.N.Y. 1992).

Plaintiff also argues that Howells breached a fiduciary duty that he owed Plaintiff "as an investor in Aecos" who was situated similarly to a limited liability company member.  (Dkt. No. 67 at 10.)  Plaintiff's fiduciary-breach claim fares better on the law but no better on the facts.

Despite Howells's protestations, the Court agrees with Plaintiff that Howells had fiduciary duties with respect to Plaintiff.  Nevada law, which governs this claim based on Aecos's incorporation in Nevada, *see Walton v. Morgan Stanley & Co. Inc.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980), "does not impose any statutory fiduciary duties on members of LLCs," *HP Tuners, LLC v. Cannata*, No. 18-cv-527, 2019 WL 3848792, at *4 (D. Nev. Aug. 15, 2019).  Instead, Nevada law "allows the members of LLCs to decide whether to impose fiduciary duties on themselves through their operating agreement . . . by express language . . . or through language that has a similar effect."  *Id.*; *see also* Nev. Rev. Stat. § 86.286.  With respect to Managing Members like Howells, Aecos's operating agreement provides:

> The Managing Members shall not be liable, responsible or accountable, whether directly or indirectly, in contract, tort or otherwise, to the other Members or any affiliate thereof or the Company . . . for any acts . . . made in good faith and in a manner reasonably believed by the Managing Member to be in or not opposed to the Company's best interests or based on the opinion of

3

> counsel, or the activities or operation of the Company, except, in each case, for acts or omissions constituting fraud or malfeasance.

(Dkt. No. 68-2 at 11.) This language implies that Managing Members *can* be liable for acts made in bad faith or that run counter to Aecos's interests. They therefore have the fiduciary duties of good faith and loyalty. *See Hoopes v. Hammargren*, 102 Nev. 425, 431 (1986) ("A fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party."). Moreover, the language contemplates that Managing Members may be liable to "other Members or any affiliate," such as Plaintiff, which under the Investment Agreement was an "Acting Managing Member in AECOS" during the pendency of Aecos's "various legal settlements." (Dkt. No. 70-5 at 3.) That the operating agreement intended for Managing Members to have fiduciary duties is confirmed by its disclaimer of liability for non-managing Members: "No [non-managing] Member shall be liable as such for the liabilities of the Company. The failure of the Company to observe any formalities or requirements . . . shall not be grounds for imposing personal liability on the Members." (Dkt. No. 68-2 at 13.)

It is less clear whether Howells breached any of his fiduciary duties. Contrary to Plaintiff's stance that Howells "misappropriated [Aecos funds] for his personal use and benefit . . . and financially destroyed the company" (Dkt. No. 67 at 11), Howells affirms that the money at issue "was used to pay Aecos' legitimate and booked business expenses and/or salary and benefits . . . in accordance with Aecos' agreement with [him] as Aecos' chief executive officer" (Dkt. No. 78 at 9–10). Furthermore, Howells affirms that he sent an accounting of Aecos's monthly expenses to Plaintiff and that Plaintiff "never requested" that Howells reduce his salary or benefits. (Dkt. No. 78 at 6, 8.) There is a genuine dispute as to whether Howells misappropriated Aecos's funds and violated his duties of good faith and loyalty. *See HP Tuners*, 2019 WL 3848792, at *4 (explaining that the misappropriation of LLC property could give rise

4

to a breach the duty of good faith under Nevada law). This factual dispute precludes summary judgment.

## II. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED. The Clerk of Court is directed to mail a copy of this Opinion to Defendant Brian Howells and to close the motion at Docket Number 66.

SO ORDERED.

Dated: July 22, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge